# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES ALLRED, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:18-cv-01178-STA-jay |
| MATTHEW RODRIGUEZ, STEPHEN WHITLOCK, and DECATUR COUNTY, TENNESSEE, | ) ) ) ) ) | |
|     Defendants. | ) | |

## ORDER GRANTING PARTIAL MOTION TO DISMISS

This case revolves around Defendants' alleged refusal to relinquish Plaintiff's ear. Plaintiff filed his Amended Complaint on December 11, 2018, pursuant to the Fourth and Fourteenth Amendments, 42 U.S.C. § 1983, the Tennessee Governmental Tort Liability Act, and Tenn. Code Ann. § 8-8-302. (ECF No. 15.) Before the Court is a Partial Motion to Dismiss, which was filed on December 19, 2018, by Defendants Stephen Whitlock and Decatur County, Tennessee ("Defendants").[1] (ECF No. 18.) For the following reasons, the Partial Motion to Dismiss is **GRANTED**.

### BACKGROUND

Plaintiff alleges that on September 16, 2017, he was the victim of an atrocious attack by Randal K. Yarbro, who is not a party to this suit. Plaintiff incurred stab wounds and at least one serious bite, leaving Plaintiff without his left ear. Defendants Rodriguez and Whitlock, both

---

[1] Unless stated otherwise, "Defendants" refers only to Defendants Whitlock and Decatur County, Tennessee. Process has not been served as to Defendant Rodriguez. (ECF No. 25.)

deputies with the Decatur County Sheriff's Department, responded to the scene. Plaintiff alleges that the Defendant officers on the scene refused to remit Plaintiff's ear to Katherine Nanney, who planned to transport the ear from the scene to Decatur County Hospital for reattachment at Vanderbilt University Hospital. Plaintiff asserts that the Defendant officers' refusal to relinquish his ear amounted to a violation of Plaintiff's Fourth and Fourteenth Amendment rights. Thus, Plaintiff filed suit against the officers and Decatur County pursuant to 42 U.S.C. § 1983. Alternatively, Plaintiff filed suit, sounding in negligence, against Decatur County pursuant to the Tennessee Governmental Tort Liability Act ("TGTLA") for its failure to adequately train its officers to deal with severed tissues and related issues. Pursuant to Tenn. Code Ann. § 8-8-302, Plaintiff further asserts that Defendant Decatur County is responsible for all injuries resulting from the actions of the Defendant deputies.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The

plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

ANALYSIS

Plaintiff alleges that Defendants Whitlock and Rodriguez violated his civil rights when they collected Plaintiff's ear as evidence and then refused to relinquish the ear to Ms. Nanney. Plaintiff asserts that this seizure was unreasonable, in violation of the Fourth Amendment. Additionally, Plaintiff contends that Decatur County is liable for the civil rights violation because the County was "deliberately indifferent to [Plaintiff's] serious medical needs by failing to provide its employees with adequate training, supervision, policies, and procedures that would have allowed for the proper handling" of Plaintiff's ear. (ECF No. 15 at 9.) Defendants do not challenge these claims in its Motion to Dismiss.

Rather, Defendants challenge Plaintiff's alternative pleading, in which Plaintiff asserts that Defendant Decatur County was negligent in failing to exercise its reasonable duty of care not to cause harm when the officers failed to return Plaintiff's ear. (ECF No. 15 at 10.) Plaintiff contends that because Defendants Whitlock and Rodriguez were acting within the scope of their employment, Decatur County's immunity from suit is removed pursuant to the TGTLA, Tenn. Code Ann. § 29-20-205.

Defendants have moved to dismiss Plaintiff's alternatively pleaded state law claims on the ground that Defendant Decatur County retains sovereign immunity. (ECF No. 18.) According to Defendants, the TGTLA's civil rights exception preserves immunity from suit for claims arising under § 1983, and a plaintiff cannot avoid that immunity by bringing its civil rights claim as a negligence claim. Plaintiffs have responded that they are allowed to plead in the alternative that

either the Decedent was deprived of his civil rights pursuant to 42 U.S.C. § 1983 or Defendants' conduct was negligent pursuant to the TGTLA. Defendants replied reiterating their arguments as well as asserting that the County also retains its immunity pursuant to the TGTLA's discretionary-function exception. (ECF No. 22.) The Court finds Defendants' arguments persuasive.

### I. Civil Rights Exception

The liability of Defendant Decatur County for torts committed by its employees and agents is governed by the TGTLA, which codifies the Tennessee common law rule of sovereign immunity for counties, municipalities, and other governmental entities. Tenn. Code Ann. § 29-20-201; *Limbaugh v. Coffee Medical Ctr.*, 59 S.W.3d 73, 79 (Tenn. 2001). The TGTLA provides that Tennessee governmental entities "shall be immune from suit for an injury which may result from the activities of such governmental entities" except as otherwise provided in the statute. Tenn. Code Ann. § 29-20-201(a). The statute removes immunity for "injury proximately caused by a negligent act or omission of any employee within the scope of his employment *except* if the injury arises out of . . . civil rights" violations. Tenn. Code Ann. § 29-20-205(2) (emphasis added). The civil rights exception has been construed to include 42 U.S.C. § 1983 claims. *Johnson v. City of Memphis*, 617 F.3d 864, 872 (2010).

A negligence claim falls under the civil rights exception where "the same circumstances giv[e] rise to both the negligence and civil rights claims." *Partee v. City of Memphis*, 449 F. App'x. 444, 448 (6th Cir. 2011) (alteration in original). A plaintiff cannot circumvent a defendant's immunity by couching its civil rights claim as one of negligence. *See, e.g.*, *Campbell v. Anderson Cty.*, 695 F. Supp. 2d 764, 778 (E.D. Tenn. 2010) (holding that a plaintiff whose alleged injuries arose in the context of her civil rights claims could not avoid TGTLA immunity merely by "couching" her claim in terms of negligence).

4

Here, Plaintiff alleges that "Defendant Decatur County is vicariously liable for the negligent acts and omissions of its agents and/or employees who had possession of [Plaintiff's] ear." (ECF No. 15 at 7.) The officers' negligence sounds in their "failing to return [Plaintiff's] ear." ECF No. 21 at 2. This failure to return Plaintiff's ear, however, is the sole basis for Plaintiff's § 1983 claim. Plaintiff repeatedly and specifically states that Defendants were deliberately indifferent to Plaintiff's medical needs and his rights as a victim of crime. (*See, e.g.*, ECF No. 15 at 6.) Plaintiff states no facts in his Amended Complaint for tort violations other than those underlying the § 1983 claim. Clearly, the basis of Plaintiff's claims in his Amended Complaint is that Defendants acted with deliberate indifference toward Plaintiff's Fourth Amendment rights by seizing Plaintiff's ear—a claim that is properly brought under § 1983.

Because Plaintiff's negligence claims arise out of the same facts and circumstances as his civil rights claims under 42 U.S.C. §1983, they fall within the civil rights exception to the waiver of immunity set forth in the TGTLA and must be dismissed. *See Tinkle v. Dyer County*, 2018 WL 6840155, at *2 (W.D. Tenn. Dec. 27, 2018); *Partee*, 449 F. App'x. at 448 ("A negligence claim falls within this exception [when] 'the same circumstances giv[e] rise' to both the negligence and civil rights claims."). Thus, the TGTLA preserves a county's sovereign immunity for suits claiming negligent injuries that arise from civil rights violations. *Tinkle*, 2018 WL 6840155, at *2.

Plaintiff, however, argues that, pursuant to Rule 8 of the Federal Rules of Civil Procedure, he is allowed to plead civil rights violations and negligence claims in the alternative. While Plaintiff is correct that Rule 8(d)(3) allows a party to state as many claims as he has, regardless of consistency, courts—including this Court—have consistently held that if a plaintiff alleges that a defendant violated his civil rights, he cannot alternatively bring a claim under the TGTLA, because

5

doing so would violate the TGTLA's preservation of immunity for alleged civil rights violations. *See e.g.*, *Tinkle*, 2018 WL 6840155, at *2; *Doe v. Jackson Madison Cty. Bd. of Educ.*, 2018 WL 2927777, at *3 (W.D. Tenn. June 7, 2018) (noting that the plaintiff agreed that she could not "bring state law negligence claims that arise out of the same facts and circumstances giving rise to the violation of a civil right, specifically those brought under § 1983" and rejecting the plaintiff's argument that her TGTLA claims could be brought in conjunction with her Title IX claim because Title IX is also a civil rights statute); *Stewart v. City of Memphis*, 2017 WL 627467, at *8 (W.D. Tenn. Feb. 15, 2017) (finding that the plaintiffs' state law claims arose out of the same circumstances giving rise to their § 1983 civil rights claims, and, therefore, those claims were barred by the TGTLA's retention of immunity for injuries arising from civil rights); *Hargrow v. Shelby County*, 2014 WL 3891811, at *5 (W.D. Tenn. Aug. 7, 2014) (rejecting the plaintiff's argument that she had made alternative claims sounding in civil rights and negligence and, thus, the TGTLA did not bar her state law claims because she had stated "no facts in the Complaint for tort violations other than those underlying her § 1983 claims"). Therefore, Plaintiff cannot bring his TGTLA claims, even in the alternative.

## II. Discretionary-Function Exception

Moreover, Plaintiff's TGTLA claims against Defendant Decatur County for negligent hiring, training, retention, and supervision fall into the TGTLA's exception to the waiver of immunity for discretionary acts. Section 29-20-205 of the TGTLA provides in relevant part:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
>
> (1) the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused[.]

As discussed in *Uhuru v. City of Memphis*, 2008 WL 4646156, at *12 (W.D. Tenn. Oct. 17, 2008),

> "The discretionary functions exception 'recognizes that courts are ill-equipped to investigate and balance the numerous factors that go into an executive or legislative decision' and therefore allows the government to operate without under interference by the Court." *Bowers v. City of Chattanooga*, 826 S.W.2d 427, 431 (Tenn. 1992) (citation omitted). Basically, the discretionary function exception "prevents the use of tort actions to second-guess what are essentially legislative or administrative decisions." *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 85 (Tenn. 2001)).

The *Uhuru* Court found that the allegations in the complaint that the Memphis Police Department and its director "failed to adequately screen, train, investigate, and discipline its officer defendants" were not sufficient "to raise more than a speculation that the actions of the City of which the Uhurus complain are not discretionary functions subject to immunity." *Id.*

This Court further explored the discretionary exception to the TGTLA's waiver of immunity in another case in which the City of Memphis argued that the TGTLA provided immunity against the plaintiff's allegation that it was liable for the death of the decedent "for the failure to screen, hire, train, and supervise its police officers." *Peatross v. City of Memphis*, 2015 WL 13021901 at *8 (W.D. Tenn. Mar. 12, 2015), *aff'd*, 818 F.3d 233 (6th Cir. 2016). The Court found that the screening, hiring, training, and supervision of the officers "clearly" fell within the discretionary exception. *Id.*

> In *Bowers*, the Tennessee Supreme Court adopted the "planning-operational" test to determine whether an act fell within the discretionary function exception. *Id.*, 826 S.W.2d at 430. Under this test, "decisions that rise to the level of planning or policy-making are considered discretionary acts which do not give rise to tort liability, while decisions that are merely operational are not considered discretionary acts and, therefore, do not give rise to immunity." *Id.* (citing *Carlson v. State*, 598 P.2d 969, 972 (Alaska 1979)). Planning decisions, the court in *Bowers* ruled, often result from assessing priorities; allocating resources; developing policies; or establishing plans, specifications, or schedules. *Id.*, 826 S.W.2d at 431.

7

> The sorts of determinations the MPD must make in how it screens, hires, trains and supervises its employees, and how it goes about investigating and disciplining them for any misdeeds can be better characterized as planning rather than operational functions. As a result, the City of Memphis is entitled to governmental immunity under the discretionary function exception of the TGTLA as to Plaintiff's charges of negligent supervision and training found in Count V of his Complaint.

*Id. See also Savage v. City of Memphis*, 620 F. App'x. 425, 429 (6th Cir. 2015) (finding that "the sorts of determinations the [Memphis Police Department] must make in how it trains and supervises its employees, staffs its departments, and investigates the alleged wrongdoing of its employees place the Plaintiffs' direct-negligence claims squarely within the discretionary function exception"); *Tinkle*, 2018 WL 6840155, at *2 (finding that the "Plaintiffs' GTLA claims against Defendant Dyer County for negligent hiring, training, retention, and supervision fall into the GTLA's exception to the waiver of immunity for discretionary acts"); *Minor v. City of Memphis*, 2006 WL 889333 at *4 (W.D. Tenn. Mar. 30, 2006) ("The question of how thoroughly to train officers or discipline them, like the question of how to discipline combative employees in *Limbaugh*, is a policy determination. Consequently, it receives discretionary function immunity from tort liability under the TGTLA.")

Here, Plaintiff asserts that Defendant Decatur County failed "to properly train, discipline, and supervise its employees . . . regarding the proper handling of a crime victim's body parts" and that this failure was the moving force behind Defendant Rodriguez's and Defendant Whitlock's deliberate indifference to Plaintiff's medical needs and their unreasonable seizure of Plaintiff's ear. (ECF No. 15 at 6.) While the facts in this case are irrefutably unique, Defendant Decatur County's training decisions regarding "the proper handling of a crime victim's body parts" is most assuredly a planning or policy-making decision that falls within the discretionary-function exception. Plaintiff has not alleged grounds for a negligence claim against Defendant Decatur

8

County based on facts or circumstances that fall outside the discretionary-function exception to the wavier of immunity. Thus, Decatur County retains its immunity.

CONCLUSION

Because Plaintiff's TGTLA claim is barred by both the civil rights exception as well as the discretionary-function exception, Defendants' Motion to Dismiss (ECF No. 18) Plaintiff's TGTLA claim is **GRANTED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 24, 2019.